IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

CYNTHIA GIVENS,

           Plaintiff,

v.

WAL-MART STORES EAST, LP
AND JOHN DOES NOS. 1-10,

           Defendants.

Civil Action File No.
87698

———————————————/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORIES AND REQUEST FOR PRODUCTION

•

Please list the medical expenses, which you contend are the result of the Wal-Mart incident, in a format similar to the following: [In the event you do not yet have all of the charges, please provide the name and addresses of all medical providers].

RESPONSE: Plaintiff provides the following:

| MEDICAL | DATE | AMOUNT |
|---|---|---|
| Dr. Hilary Ellwood | 08/06/16 | $ 434.00 |
| Dr. Jay Cranford | 08/08/16-05/07/17 | $ 9,053.12 |
| Open MRI of Macon | 10/05/16 | $ 1,299.00 |
| Piedmont Ortho | FUTURE SURGERY | $230,000.00 |
| GA Neurosurgical | PENDING | PENDING |
| MCCG | PENDING | PENDING |
| | | ======== |
| | TOTAL: | PENDING |

•

Please list all medical, hospital, medicare and medicaid liens related to the Wal-Mart incident in a format similar to the following:

RESPONSE: Plaintiff is unaware of any liens.

•

List each part of the body which you contend you injured in the Wal-Mart incident.

RESPONSE: As a result of the fall at Wal-Mart, plaintiff suffered ruptured discs in her neck and injuries to her back and shoulders.

•

Please itemize all lost wages, lost income, or lost capacity to earn which you contend are the result of the Wal-Mart incident in a format similar to the following:

RESPONSE: Plaintiff is not currently claiming any lost wages but expects to be out of work for two weeks to two months during the recovery period following her impending surgery.

•

Please list every motor vehicle collision in which you have been involved [as a driver, passenger or pedestrian] in a format similar to the following:

RESPONSE: To the best of plaintiff's recollection, she has only been in one automobile accident that occurred over twenty-five years ago in Atlanta.

Plaintiff believes she sought chiropractic treatment for whiplash following the accident.

•

Please list every on-the-job injury you have suffered in a format similar to the following:

RESPONSE: To the best of plaintiff's recollection, she has been injured on the job on several occasions. Most recently, in September 2017, a cart fell on her right hand, causing injury to her thumb area. A few weeks before that injury, in late August or early September 2017, plaintiff was burned by a heat-set door on her left forearm. These injuries occurred at YKK AP America, Inc., at 4234 Ocmulgee E Blvd, Macon, GA 31217.

•

Please state the name and address of each and every employer you have had over the past 15 years, including your present employer, if any.

RESPONSE: Plaintiff has had several jobs as a temporary employee through Adecco, a temporary employment agency plaintiff has used for the last eight or nine years. Plaintiff believes she worked at the following locations, though she cannot say with positivity that the dates are correct :

• YKK, 4234 Ocmulgee E Blvd, Macon, GA 31217, 2015-present;

• Navicent Health, 777 Hemlock St, Macon, GA 31201, 2015-2016;

• Fed Ex, Macon, GA, 2014-2015

- **Word of Salvation Ministries, 914 2nd St, Macon, GA 31201, off and on for the last twenty-five years.**

•

Please state the name and address of each and every health insurer (individual, group, HMO, etc.) which has provided health coverage to you over the past 15 years.

**RESPONSE: Please see plantiff's BCBS card, which will be produced.**

•

Please state the name and address of each and every automobile/motor vehicle insurer (State Farm, Allstate, GEICO, etc) which has provided liability coverage to you over the past 15 years.

**RESPONSE: To the best of plaintiff's recollection, she has been insured by Liberty Mutual for over fifteen years.**

•

Please list each and every application you have submitted for Social Security Disability Benefits in a format similar to the following:

**RESPONSE: Plaintiff has never applied for Social Security Disability Benefits.**

•

Please list each and every bodily injury claim ever made by you in a format similar to the following:

RESPONSE: Plaintiff does not believe she has ever made any such claims, but reserves the right to amend this response.

•

State the name and address of each and every hospital at which you have been examined, tested or treated [in-patient, out-patient, emergency room or diagnostic testing] at any time during the past 15 years.

RESPONSE: Plaintiff is unable to recall a time she was treated at a hospital in the last fifteen years.

•

State the name and address of each and every pharmacy [including mail-order pharmacies] at which you have obtained prescription medication at any time during the past 15 years.

RESPONSE: Plaintiff is unable to recall any prescription medications she has taken in the last fifteen years.

•

Have you ever at any time BEFORE the Wal-Mart incident suffered an injury to, or experienced pain in the same part(s) of the body which you contend you injured in the Wal-Mart incident? If your answer is in the affirmative, state the name and address of each and every hospital, chiropractor, physical therapist or other medical provider who examined or treated said pre-Wal-Mart injury or condition.

**RESPONSE:** Please see response to Interrogatory No. 5. Plaintiff does not recall the name or address of the chiropractor she saw following that accident.

•

State the name and address of each and every chiropractor who has ever examined or treated you BEFORE the Wal-Mart incident.

**RESPONSE:** Please see the preceding response, which is the only chiropractor plaintiff was ever treated by in the past.

•

Has Plaintiff ever been convicted of a crime?  If so, please state the date of each such conviction, the location of the Court where the conviction occurred, and the crime upon which each such conviction was based.

**RESPONSE:** Plaintiff has never been convicted of a crime.

•

Has Plaintiff been a party to another lawsuit?  If your answer is in the affirmative, give the approximate date the lawsuit was filed, the Court in which it was filed, and the style of the case.

**RESPONSE:** To the best of plaintiff's recollection, she has never been involved in any other lawsuits.

•

State specifically and in reasonable detail how the occurrence happened which is the basis of this lawsuit, and include any oral statements by Wal-Mart

associates which you contend may constitute admissions against interest.

RESPONSE: Plaintiff states she walked to the frozen foods department upon entering Wal-Mart. Next, she stepped to the left of the door where she slipped on wax that was left on the floor. After she slipped, she recalls two employees, one who she believes was waxing the floor, run over to her to try to help her up. Further, she recalls one of those employees apologizing for leaving the wax on the floor. Plaintiff was then brought to the front of the store and after telling several employees that she had to return to work, they suggested she come back later to fill out an incident report. When plaintiff returned later that day, she remembers speaking to the woman who helped her fill out the incident report, who told plaintiff that she had seen video recording of her fall, told plaintiff, "if you aren't hurting now, you will be later" and later asked plaintiff if she wanted an ambulance.

•

State the name of every person known to Plaintiff who appears to be an eyewitness to the incident as alleged in Plaintiff's Complaint.

RESPONSE: Please see the preceding response. Plaintiff is unaware of the names of the employees.

•

Please state the names and addresses of all persons known to Plaintiff who have knowledge of any relevant facts concerning the issues in this case.

RESPONSE: In addition to the employees described in response to Interrogatory No. 18, plaintiff states her son, Christian Givens (who resides with his mother at 935 Juniper Lane, Macon, GA 31220), and her pastor, R. Coretta Williams (478-475-5286), are aware of her fall and her injuries.

•

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving the statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

RESPONSE: Plaintiff is only aware of the statements described in response to Interrogatory No. 18.

•

Please identify each expert expected to testify at trial, including all subsequent treating physicians and practitioners of the healing arts; state the subject matter the expert is expected to testify about and the substance of the facts and opinions to which the expert is expected to testify; and give a summary of the grounds for each opinion.

RESPONSE: Plaintiff expects to call her treating physicians to testify to the cause and extent of her injuries. Please see plaintiff's medical records,

enclosed herein.

•

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, and other illustrations of any person, place, or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item.

RESPONSE: Plaintiff is unaware of any such photographs, but assumes there is a store recording of the fall.

•

Please identify by date, author and subject matter all documents relied upon by you to demonstrate and supports facts relevant to the issues in this litigation.

RESPONSE: As discovery is ongoing, plaintiff has not yet identified all such documents.

•

State your date of birth, marital status and full name of spouse, driver's license number, social security number, and educational background, including all schools, institutions, trade, or professional schools attended, the dates of attendance of each, and the degrees, certificates, or licenses obtained at each. [If you do not wish to include your social security number in Answers to Interrogatories, Plaintiff's counsel may forward Plaintiff's social security number

by letter or email.]

RESPONSE: 07/18/1969; unmarried; GA driver's license no. 050-254-224; xxx-xx-0590; Central High School (Detroit, MI) class of 1987; plaintiff has also attended Crockett CUT in Detroit for her CNA license, PTC Career Institute in Atlanta, and  other programs where she received medical assistant and lab technician certification.

## REQUEST FOR PRODUCTION OF DOCUMENTS

•

All medical expenses or bills or drug bills incurred by you in connection with injuries allegedly received in the occurrence giving rise to your complaint in this civil action.

RESPONSE: Plaintiff will provide all documentation in her possession, provided that such does not exceed the scope of permissible discovery.

•

All medical reports (including hospital records) prepared by any physician, psychologist, or other practitioner of the healing arts who treated you for injuries allegedly received in this occurrence in your possession or the possession of your attorney.

RESPONSE: Plaintiff will provide all documentation in her possession, provided that such does not exceed the scope of permissible discovery.

•

All photos of any person, place, or thing related to this occurrence (photocopies of such photos may be produced in lieu of the positive prints).

**RESPONSE: Plaintiff currently has nothing to produce.**

•

Any and all documents obtained from any defendant or his/her/its employees or agents at any time following the incident referred to in your complaint.

**RESPONSE: Plaintiff currently has nothing to produce.**

•

Any and all correspondence to you or anyone on your behalf from any defendant or anyone on his/her/its behalf.

**RESPONSE: Plaintiff currently has nothing to produce.**

•

Any and all correspondence from you or anyone on your behalf to any defendant or anyone on his/her/its behalf.

**RESPONSE: Plaintiff currently has nothing to produce.**

•

Copies of any statements or recordings of any statements from any employee of any defendant.

**RESPONSE: Plaintiff currently has nothing to produce.**

•

Copies of any applications for benefits or proofs of loss provided by you or on your behalf to any insurance company and which pertains to the incident or injuries referred to in your complaint.

RESPONSE: Plaintiff currently has nothing to produce.

•

Copies of any card verifying existence of any major medical insurance or hospitalization benefits or coverage at the time of the incident referred to in your complaint.

RESPONSE: Plaintiff will provide all documentation in her possession, provided that such does not exceed the scope of permissible discovery.

•

Copies of any report by any expert retained and consulted by you with respect to any aspect of the occurrence referred to in your complaint.

RESPONSE: Plaintiff currently has nothing to produce.

•

Copies of all witness statements obtained from any person about any information related to any issue in this lawsuit, including but not limited to liability or damages.

RESPONSE: Plaintiff currently has nothing to produce.

•

Copies of any photographs, motion pictures, videotapes, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence or depiction concerning the subject incident or any of the issues involved in this lawsuit including, but not limited to, the issues of liability and damages.

RESPONSE: Plaintiff currently has nothing to produce.

•

Copies of all reports received from any experts, including experts who will testify at trial, who have investigated any issue related to the subject incident and related to this lawsuit.  Also, produce all materials relied upon by each expert in formulating his/her opinions and conclusions.

RESPONSE: Plaintiff currently has nothing to produce.

•

Copies of any records reflecting or referring to employment of you for the five years preceding the accident referred to in your complaint, including but not limited to W2 forms, 1099 forms, separation notices, income statements, et cetera.

RESPONSE: Plaintiff currently has nothing to produce.

•

Any and all documents in your possession regarding defendants' employees and/or independent contractor's failure to inspect anything you

contend should have been inspected immediately before your accident.

RESPONSE: Plaintiff currently has nothing to produce.

•

Any and all documents that you contend show that any defendant did not determine that the location or instrumentality involved in plaintiff's incident (on the date of the subject incident) was properly inspected, managed, and/or maintained at the time of the subject incident.

RESPONSE: Plaintiff currently has nothing to produce.

•

Copies of all documentation of any kind received from any person or corporation relative to inspecting, managing, and/or maintaining the instrumentality or location where plaintiff's incident occurred on the date of the subject incident.

RESPONSE: Plaintiff currently has nothing to produce.

•

Copies of any and all documents of whatever kind evidencing any substantially similar event in the immediate area where plaintiff's claimed incident occurred on the date of the subject incident.

RESPONSE: Plaintiff currently has nothing to produce.

•

Any and all reports and documents taken or prepared by plaintiff or

anyone on behalf of plaintiff concerning the incident referred to in plaintiff's complaint.

RESPONSE: Plaintiff currently has nothing to produce.

•

Any and all reports and/or statements concerning the subject incident submitted to and/or taken by any investigator or adjuster.

RESPONSE: Plaintiff will provide all documentation in her possession, provided that such does not exceed the scope of permissible discovery.

•

Copies of any and all photographs and/or videotapes and/or moving pictures of plaintiff or of any defendant or his/her/its agents, servants, or employees at any time after the accident referred to in plaintiff's complaint.

RESPONSE: Plaintiff currently has nothing to produce.

•

Copies of any documents or other material which in any way relates to plaintiff or plaintiff's representatives or family contacting or attempting to contact any defendant and/or defendant's representatives after the incident up to and including the date of trial.

RESPONSE: Plaintiff currently has nothing to produce.

•

Copies of any and all documents which support or otherwise pertain to any

of your responses to defendant's first interrogatories, identifying which interrogatory response each document supports or otherwise pertains to.

RESPONSE: Plaintiff currently has nothing to produce.

•

All documents, records, reports, memoranda, and/or correspondence referring in any way to injuries to persons who claimed to have experienced a substantially similar incident to that involving the plaintiff at the same store within three years prior to plaintiff's incident.

RESPONSE: Plaintiff currently has nothing to produce.

•

The curriculum vitae of all experts who are expected to testify on behalf of the plaintiff(s).

RESPONSE: Plaintiff currently has nothing to produce.

•

The written or oral reports of experts who are expected to testify on behalf of the plaintiff(s).

RESPONSE: Plaintiff currently has nothing to produce.

•

All documents, records, correspondence, reports, and/or memoranda referring in any way to the inspecting, managing, and/or maintaining the instrumentality or location referred to in the complaint.

<u>RESPONSE:</u> Plaintiff currently has nothing to produce.

• 

Floor plan, aerial photographs, and/or other drawings or materials demonstrating an overhead view of the instrumentality or location described in the complaint.

<u>RESPONSE:</u> Plaintiff currently has nothing to produce.

• 

Documents and/or items that describe, list and/or demonstrate:

(a)     the area where plaintiff's incident occurred; and

(b)     the lighting and/or lack of lighting of the area where plaintiff's incident occurred.

<u>RESPONSE:</u> Plaintiff will provide all documentation in her possession, provided that such does not exceed the scope of permissible discovery.

• 

Copies of any photographs, still or motion pictures, and/or videotapes of the incident scene, taken on or after the date of the subject incident.

<u>RESPONSE:</u> Plaintiff currently has nothing to produce.

• 

Documents you receive in response to requests to non-parties for the production of documents.

<u>RESPONSE:</u> Plaintiff currently has nothing to produce.

•

All safety notices, warnings, bulletins, or other similar documents you contend should have been displayed or distributed by defendant(s) at the location or instrumentality where you contend your accident took place.

RESPONSE: Plaintiff currently has nothing to produce.

•

Any documents containing measurements, surveys, or calculations made by you or anyone on your behalf or your lawyer's behalf of the instrumentality or location referred to in your complaint.

RESPONSE: Plaintiff currently has nothing to produce.

•

Any industry or trade standard you contend applies to the location, instrumentality, or claims referred to in your lawsuit.

RESPONSE: Plaintiff currently has nothing to produce.

•

Any records of cell phone calls by you on the day of the incident referred to in your complaint.

RESPONSE: Plaintiff currently has nothing to produce.

•

Any records of questionnaires, questions, or other papers provided to any focus groups, jury research firms, or non-parties (other than your lawyer)

concerning the facts or damages claimed by you.

    RESPONSE: Plaintiff currently has nothing to produce.

•

    Any records of vehicle, bus, train, or airline travel by you since the date of the incident alleged in your complaint.

    RESPONSE: Plaintiff currently has nothing to produce.

•

    Any photographs or videos exhibiting or documents supporting engagement or participation by you in any hobbies or recreation for (a) the five years before and (b) the entire time after the accident referred to in your complaint.

    RESPONSE: Plaintiff currently has nothing to produce.

•

    Any histories or documents written or signed by you concerning any medical, psychological, or psychiatric testing for (a) the ten years before and (b) the entire time after the accident referred to in your complaint.

    RESPONSE: Plaintiff currently has nothing to produce.

•

    Any documents referring to or showing any hazardous condition in the area of your claimed accident.

    RESPONSE: Plaintiff currently has nothing to produce.

•

Any documents referring to or showing any design and/or construction defect in the area of your claimed accident.

**RESPONSE:** Plaintiff currently has nothing to produce.

•

Any documents referring to, showing, or demonstrating why you could not have seen and avoided any claimed hazard immediately before your claimed fall.

**RESPONSE:** Plaintiff currently has nothing to produce.

•

For each Facebook account and/or profile maintained by you, please produce your Facebook profile and account data. (In order to create the zip file that contains the profile, please sign on to your Facebook account and click on the "account button" at the top right side of your Facebook page. Click on "account settings" on the toolbar that opens up. On this newly opened screen, click on the "learn more" button by the "download your information" section. Click on the download button. Facebook will then compile the zip file and email a notification to you with a link in the email that will allow you to download the Facebook file. This process takes between 30-90 minutes depending on the size of the profile. Please save this profile to a USB flash drive and provide it as your response. Reasonable expenses for this drive will be paid).

**RESPONSE:** Plaintiff currently has nothing to produce.

•

Please provide all photographs on your Facebook profile(s), the photographs you are in on your Facebook profile. (To do this, you must open each picture individually, right click on the picture and save it on the same USB drive). For all photographs that are not produced by Plaintiff, please create a privilege log describing said photographs.

RESPONSE: Plaintiff currently has nothing to produce.

•

Please provide archives for all Twitter accounts maintained by you or registered to you. (To get your archive, go to the Settings area and look for the new "Your Twitter archive" feature. A link will be emailed to you that leads to a page within Twitter where you can complete the download. After clicking download, a ZIP file will be downloaded. When you open that file, you will see a "readme" file with instructions. Please provide this ZIP file).

RESPONSE: Plaintiff currently has nothing to produce.

[SIGNATURE ON FOLLOWING PAGE]

This _____ day of September, 2017.

David Dozier
GA Bar No. 228898
Attorney for Plaintiff

DOZIER LAW FIRM, LLC
327 Third Street
P. O. Box 13
Macon, Georgia   31202-0013
(478) 742-8441

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

CYNTHIA GIVENS,

      Plaintiff,

v.

WAL-MART STORES EAST, LP
AND JOHN DOES NOS. 1-10,

      Defendants.

_____/

Civil Action File No.
87698

RECEIVED FOR FILING
STATE COURT OF
BIBB COUNTY GEORGIA

2017 SEP 26 PM 2:22

PATTI M. GRAVES, CLERK

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the PLAINTIFF'S

RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION, FIRST INTERROGATORIES,

AND REQUESTS FOR PRODUCTION OF DOCUMENTS upon the opposing attorney of record

by depositing same in the U. S. Mail in a properly addressed envelope with sufficient postage

affixed thereto and addressed as follows:

Howard M. Lessinger
McLAIN & MERRITT, P.C.
3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326

This ____ day of September, 2017.

David Dozier
GA Bar No. 228898
Attorney for Plaintiff

DOZIER LAW FIRM, LLC
327 Third Street, P. O. Box 13
Macon, Georgia 31202-0013
(478) 742-8441

