**CT Corporation**

**Service of Process Transmittal**
08/22/2017
CT Log Number 531800957

**TO:**   Kim Lundy Service of Process, Legal Support Supervisor
Wal-Mart Stores, Inc.
702 SW 8th St, MS#0215
Bentonville, AR 72716-6209

**RE:**   **Process Served in Georgia**

**FOR:**   Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Givens Cynthia, Pltf. vs. Wal-Mart Stores East, LP, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Entry, Summons, Original Complaint, First Request(s), First Interrogatories, Certificate(s) |
| **COURT/AGENCY:** | Bibb County State Court, GA<br>Case # 87698 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 07/28/2016, Wal-Mart Supercenter, 5955 Zebulon Road, Macon, GA 31210 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/22/2017 at 09:14 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | David Dozier<br>The Dozier Law Firm, LLC<br>327 Third Street<br>Macon, GA 31201<br>478-742-8441 |
| **REMARKS:** | Due to the illegible condition of the enclosed documents, CTs transmittal may be incomplete. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/22/2017, Expected Purge Date: 08/27/2017<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service of Process ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>289 S Culver St.<br>Lawrenceville, GA 30046-4805<br>866-286-4469 |

Page 1 of  1 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SHERIFF'S ENTRY OF SERVICE**                    SC-85-2                    CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

Civil Action No. _____ 7.7698

Date Filed _____ AUG 15 2017

| | | |
|---|---|---|
| Superior Court | ☐ | Magistrate Court ☐ |
| State Court | ☒ | Probate Court ☐ |
| Juvenile Court | ☐ | 73039 |

Georgia, _____ Bibb _____ COUNTY

Cynthia Givens

**Attorney's Address**

David Dozier
Dozier Law Firm, LLC
327 Third Street
Macon, Georgia 31201

Plaintiff

VS.

Wal-Mart Stores East LP
et al.

**Name and Address of Party to be Served.**

Wal-Mart Stores East, LP
c/o CT Corporation System
289 S Culver St
Lawrenceville, GA 30046

Defendant.

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☒

Served the defendant _____ Wal Mart Stores, LLP _____ a corporation
by leaving a copy of the within action and summons with _____ Marc Parker
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____ day of _____ A|ll| _____, 20 _17 .

_____ Sullivan 337/7
DEPUTY

SHERIFF DOCKET_____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

SUMMONS                          SC-85-1                          Clyde Castleberry Co., Covington, GA 30015

### IN THE SUPERIOR/STATE COURT OF ___*Bibb*___ COUNTY

### STATE OF GEORGIA

*Cynthia Givens*

CIVIL ACTION
NUMBER ___87698___

**PLAINTIFF**

VS.

*Wal-Mart Stores East, LP, et al.*

**DEFENDANT**

### SUMMONS

TO THE ABOVE NAMED DEFENDANT: *Wal-Mart Stores East, LP*

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

David Dozier
Dozier Law Firm, LLC
327 Third Street
Macon, Georgia 31201

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This_____day of __AUG 1 5 2017__, 20_____.

Clerk of Superior/State Court

BY _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

~~CEIVED FOR FIL~
STATE COURT OF
BIBB COUNTY GEORGIA

2017 AUG 15  PM 4: 40

PATTI M. GRAVES, CLERK

CYNTHIA GIVENS,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,
and JOHN DOES NOS. 1-10,

    Defendants.

Civil Action No. __87698__

**COPY**

---

## ORIGINAL COMPLAINT FOR DAMAGES

---

COMES NOW, Plaintiff Cynthia Givens, by and through her undersigned attorneys of record, and hereby files this Complaint for Damages, respectfully showing the following:

1.

The Defendant Wal-Mart Stores East, LP (hereinafter "Wal-Mart") is a foreign limited partnership that is licensed to conduct business in the State of Georgia and maintains a registered agent in Gwinnett County, Georgia, and is subject to the venue and jurisdiction of this Court, pursuant to O.C.G.A. § 14-2-510.

2.

The Defendant John Does Nos. 1-10, at all times relevant to this Complaint for Damages, was and is a manager, employee, and/or agent of the Defendant Wal-Mart, subjecting him to the jurisdiction and venue of this Court as a joint tortfeasor.

3.

The Defendant Wal-Mart owns and/or operates the retail store and premises located at 5955 Zebulon Road, Macon, GA 31210 (hereinafter "subject premises").

1

4.

On or about July 28, 2016, on the subject premises, the Plaintiff, as an invitee, slipped and fell due to a hazardous substance on the floor of the Defendant's Wal-Mart Supercenter as a result of the negligence of the Defendant Wal-Mart and John Does Nos. 1-10.

5.

The Defendant John Does Nos. 1-10, a manager, employee, and/or agent of the Defendant Wal-Mart, was negligent, as pled in ¶4, by failing to provide sufficient warning of the subject dangerous substance, by failing to inspect and discover the presence of the dangerous substance, by failing to remedy and/or remove the dangerous substance, and by failing to use ordinary care in preventing hazardous conditions that could result in a slip and/or fall.

6.

The Defendant Wal-Mart, the owner and/or operator of the subject premises, was negligent, as pled in ¶4, by failing to provide sufficient warning of the subject dangerous substance, by failing to inspect and discover the presence of the dangerous substance, by failing to remedy and/or remove the dangerous substance, and by failing to use ordinary care in preventing hazardous conditions that could result in a slip and/or fall, and by hiring and retaining an unsafe employee(s), to wit: Defendant John Does Nos. 1-10.

7.

As a proximate and foreseeable result of the Defendants' negligence, the Plaintiff was seriously injured, incurring medical expenses in excess of $9,000.00, as well as lost wages.

8.

In addition to ¶7, the Plaintiff has endured and will continue to endure pain and suffering.

2

9.

The Plaintiff has a cause of action against the Defendant John Does Nos. 1-10 for .negligence and all other applicable theories of liability.

10.

The Plaintiff has a cause of action against the Defendant Wal-Mart for negligence, negligent hiring and retention of an unsafe employee(s), *respondeat superior*, and all other applicable theories of liability.

11.

The Plaintiff is entitled to recover from the Defendants for her past and future medical expenses, lost wages, past and future pain and suffering, and all other damages permitted by law.

WHEREFORE, Plaintiff prays that she have a judgment against the Defendants in an amount determined by a fair and impartial jury to be adequate and just.

*{Signature on Following Page}*

3

This _____ Day of __**August**__, 2017.

David Dozier
GA Bar No. 228898
Dustin W. Hamilton
GA Bar No. 825725
Attorneys for Plaintiff

THE DOZIER LAW FIRM, LLC
327 Third Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441

## PLEASE HAVE THE SHERIFF SERVE THE DEFENDANT AT THE FOLLOWING:

Wal-Mart Stores East, LP
Registered Agent:
CT Corporation System
289 S Culver Street
Lawrenceville, Georgia 30046

4

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

CYNTHIA GIVENS,

      Plaintiff,

v.

WAL-MART STORES EAST, LP,
and JOHN DOES NOS. 1-10,

      Defendants.

Civil Action No. _____87698_____



---

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

COMES NOW, Plaintiff in this matter and requests that Defendant, pursuant to O.C.G.A.

§9-11-36, to admit the following in writing within 30 days of service of the same:

### 1.

You have been correctly named in the present cause insofar as the legal designation of

names is concerned.

### 2.

You have been properly served as a party defendant.

### 3.

Process and service of said process is sufficient with regard to you in this case.

### 4.

Bibb County State Court has jurisdiction over the subject matter of this case.

### 5.

Bibb County State Court has personal jurisdiction over you as a party in this case.

### 6.

Venue is proper in Bibb County State Court.

7.

Admit that you own or operate the premises located at 5955 Zebulon Road, Macon, GA 31210.

8.

Admit that, on July 28, 2016, you owned or operated the premises located at 5955 Zebulon Road, Macon, GA 31210.

9.

Admit that, on July 28, 2016, the Plaintiff was a customer in the premises you owned or operated at 5955 Zebulon Road, Macon, GA 31210.

10.

Admit that, on July 28, 2016, the Plaintiff was injured on the premises you owned or operated at 5955 Zebulon Road, Macon, GA 31210.

11.

Admit that you were negligent by failing to provide sufficient warning of the subject dangerous substance.

12.

Admit that you were negligent by failing to remove the dangerous substance.

13.

Admit that you were negligent by failing to use ordinary care in preventing hazardous conditions that could result in a slip and/or fall.

14.

Admit that you were negligent by hiring and retaining an unsafe employee(s), to wit: Defendant John Does Nos. 1-10.

2

15.

Admit that your negligence proximately and foreseeably caused some injury to Plaintiff.

16.

Admit that your negligence proximately and foreseeably caused the injuries alleged in Plaintiff's Complaint for Damages.

17.

Admit that you employee(s), Defendant John Does Nos. 1-10, were negligent.

18.

Admit that you are liable for the negligence of your employee(s), Defendant John Does Nos. 1-10, under the doctrine of *respondeat superior*.

RESPOND AS REQUIRED BY LAW.

This_____ Day of ___August___, 2017.

David Dozier
GA Bar No. 228898
Dustin W. Hamilton
GA Bar No. 825725
Attorneys for Plaintiff

THE DOZIER LAW FIRM, LLC
327 Third Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441

3

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

CYNTHIA GIVENS,

     Plaintiff,

v.

WAL-MART STORES EAST, LP,
and JOHN DOES NOS. 1-10,

     Defendants.

Civil Action No. **87698**



## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

     COMES NOW, the Plaintiff in the above-captioned case, and hereby requires that Defendant answer under oath and in writing the following interrogatories within 45 days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to Plaintiff's attorney, David Dozier, P.O. Box 13, Macon, GA 31202.

     NOTE A: When used in these interrogatories, the term Defendant or any synonym thereof is intended to and shall embrace and include, in addition to the said Defendant, all agents, servants, representatives, private investigators and others who are in a position for or may have obtained information for or on behalf of the Defendant.

     NOTE B: These interrogatories shall be deemed continuing to the extent required by law. You are requested to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is expected to testify and the substance of his testimony; and (2) amend any prior response if you subsequently learn that the original response was incorrect, or if you learn that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

1

1.

State whether you have ever had a lawsuit other than the present one filed against you as a result of an incident of a nature similar to, or in the same locality as, the incident complained of in this action including for each lawsuit the date it was filed, the court in which it was filed, the name, address and status of each other party in the suit, the name and address of the attorney for Plaintiff, whether there was a trial and the ultimate disposition of the case.

2.

State whether you have ever had a claim filed against you or your insurance carrier as a result of an incident of a nature similar to, or in the same locality as, the incident complained of in this action, and for each, include:

(a)     The name and address of each claimant;

(b)     Whether suit was filed against your insurance carrier, and if so, the name and address of the insurance carrier;

(c)     The date on which it was filed;

(d)     The facts on which it was based;

(e)     The ultimate disposition of the claim;

(f)     Whether a record was made of the claim, and if so, the name and address of the person who has custody of each record.

3.

State whether any person or entity has made a complaint or criticism, orally or in writing, concerning hazardous conditions at or surrounding the retail store and premises located at 5955 Zebulon Road, Macon, GA 31210.

2

4.

State whether or not any incident report was made with regard to the incident that is the subject of this lawsuit whether the report or document was created by you or a representative of another company or another individual.

5.

State whether or not you have the original copy of any incident report pertaining to this incident and identify the contents of any such report.

6.

State whether or not there are any procedures or policies in effect regarding the presence of hazardous substances and/or conditions in the public areas, generally, at the retail store located at 5955 Zebulon Road, Macon, GA 31210. If there are any such procedures please describe in detail.

7.

State whether or not there are any procedures or policies in effect regarding the presence of hazardous substances and/or conditions due to waxing of the floors, specifically, at the retail store and premises located at 5955 Zebulon Road, Macon, GA 31210. If there are any such procedures or policies please describe in detail.

8.

State whether or not there are any procedures or policies in effect for the notification of, or the prevention of hazardous conditions due to the recently waxed floors at the retail store and premises located at 5955 Zebulon Road, Macon, GA 31210. If there are any such procedures or policies please describe in detail.

9.

State whether or not there are any procedures or policies in effect for the regular inspection of the floors and surrounding premises for hazardous substances and/or conditions. If there are any such procedures or policies please describe in detail.

10.

Please provide in detail the practices and procedures employed to respond to notification of the presence of hazardous substances and/or conditions in the common areas of the retail store and premises located at 5955 Zebulon Road, Macon, GA 31210, including the names of those who specifically perform the work (individuals or business entities).

11.

Please state whether any statement was obtained by you concerning the incident that is the subject of this lawsuit.

12.

State the names, last known addresses, places of employment, job classification, and present whereabouts of all agents, servants, employees, representatives, private investigators, or others who were employed at the time of the incident that is the subject matter of this lawsuit.

13.

State the names, last known addresses, places of employment, job classification, and present whereabouts of all agents, servants, employees, representatives, private investigators, or others who worked at the retail store and premises located at 5955 Zebulon Road, Macon, GA 31210 the day of the incident that is the subject matter of this lawsuit.

4

14.

State the name and address of the person or entity that was employed to maintain the area wherein the alleged occurrence took place at or near the time of the incident and further state whether or not this person or entity was an employee of the defendant or was a separate person or company hired by defendant to maintain this area.

15.

State the names, last known addresses, places of employment, job classification, and present whereabouts of all agents, servants and employees who may have knowledge regarding the subject of this lawsuit.

16.

State the names, last known addresses, places of employment, job classification and present whereabouts of all agents, servants and employees who have had or may have had any communications whatsoever, whether orally or in writing, with Plaintiff.

17.

Please state whether any photographs were made of the scene of the occurrence complained of. If so, please state the following:

(a)     The subject represented and all facts represented or shown;

(b)     The name, address and telephone number of the person having possession, custody or control thereof.

18.

Please identify any and all persons you expect to call as expert witnesses in the trial of this case, and give the substance of the facts and opinions to which the expert is expected to testify as well as his or her address and phone number.

19.

Please give the name, current address, place of employment and telephone number of all persons known to you or your attorney who have any knowledge of relevant information, facts or circumstances which bear on any of the issues in the captioned case.

20.

State whether or not Defendant is incorporated, and if so, state:

(a)     The date and state of incorporation;

(b)     The exact name of the corporation as it appears in its articles of incorporation;

(c)     Whether or not the corporation is now in good standing, and if not, the date on which it was administratively suspended or otherwise dissolved:

(d)     If the corporation forfeited its charter, state the exact time it forfeited its charter and give the names and addresses of the officers of the corporation;

(e)     If the Defendant is not incorporated, state whether or not it is a partnership, and if so, give all names of partners or if it is a municipal corporation or a political organization, state its exact name and in what state it is organized to do business.

21.

State whether or not Defendant was the owner of the property mentioned in plaintiff's complaint, and if so, state:

(a)     The date the property was acquired;

(b)     The name and address from whom the property was acquired;

(c)     If Defendant has sold, voluntarily transferred, or involuntarily relinquished the property subsequent to the occurrence in question, please give the date that it was sold,

transferred, or relinquished and the name and address of the individual to whom the property was transferred; and

(d)     If Defendant denies that it was the owner at the time and place of the occurrence in question, please state to the best of the Defendant's knowledge, the name and address of the titled owner at the time of said occurrence.

22.

If Defendant was not the owner of said property, state whether or not Defendant had any type of relationship with the owner of said property whatsoever, including but not limited to management of said property, securing repairs of said property, or obtaining rents for said property, and state the nature of said relationship.

RESPOND AS REQUIRED BY LAW.

This _____ Day of __August__, 2017.

David Dozier
GA Bar No. 228898
Dustin W. Hamilton
GA Bar No. 825725
Attorneys for Plaintiff

THE DOZIER LAW FIRM, LLC
327 Third Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441

7

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

CYNTHIA GIVENS,

      Plaintiff,

v.

WAL-MART STORES EAST, LP,
and JOHN DOES NOS. 1-10,

      Defendants.

Civil Action No. **87698**



---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

      COMES NOW, the Plaintiff in the above-captioned case hereby requests Defendant to produce and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably useable form) or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26b of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

      The production of documents and things hereinbelow designated shall be made in the law offices of Plaintiff's undersigned counsel of record.

      NOTE A: Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things hereinbelow requested, this request shall be deemed to be continuing in nature.

1

NOTE B: As an alternative to producing the documents or other evidence of writing hereinbelow designated at the time, date and place above specified, you may photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production and serve same upon the undersigned counsel within forty-five (45) days for the date of service of this request.

## REQUEST FOR PRODUCTION NO. 1

Please produce any and all correspondence to or from either you or your business which relates to the incident which is the subject of this complaint. In addition, include any and all documents, letters, memos or other writings that you received from any other person or entity concerning the incident which is the subject of this complaint.

## REQUEST FOR PRODUCTION NO. 2

Please produce any and all documents which show the assignment of liability for injuries which occur on the subject property.

## REQUEST FOR PRODUCTION NO. 3

Please produce any and all documents which show procedures for handling legal claims against the subject property or the owner of the subject property.

## REQUEST FOR PRODUCTION NO. 4

Please produce any and all documents, letters, memos or other writings relating to procedures for the prevention, removal, repair or warning of hazardous substances and/or conditions on the property and surrounding premises.

## REQUEST FOR PRODUCTION NO. 5

Please produce any and all documents, letters, memos or other writings, including but not limited to any safety and procedure manuals relating to inspection schedules for the subject property, and any training manuals or videos used to train new employees, generally.

## REQUEST FOR PRODUCTION NO. 6

Please produce any incident report prepared in connection with the incident which is the subject matter of this complaint.

## REQUEST FOR PRODUCTION NO. 7

Please produce all documents identified by Defendant in response to Plaintiff's First Interrogatories.

## REQUEST FOR PRODUCTION NO. 8

Please produce all time sheets or time cards for July 28, 2016, of all agents, servants, employees, representatives, or others who were employed by Defendant at the time of the incident.

## REQUEST FOR PRODUCTION NO. 9

Please produce any and all documents, letters, memos or other writings relating to maintenance schedules for the subject property.

## REQUEST FOR PRODUCTION NO. 10

Please produce any diagrams, plats, or drawings of the premises where the incident complained of occurred that you have in your possession.

## REQUEST FOR PRODUCTION NO. 11

Please produce all incident reports made after the occurrence of any incident of a nature similar to the one complained of, specifically including any prior or subsequent slip and/or falls.

## REQUEST FOR PRODUCTION NO. 12

Please produce any and all photographs and/or video recordings in your possession taken of the scene of the occurrence complained of.

RESPOND AS REQUIRED BY LAW.

3

This _____ Day of ___**August**___, 2017.


David Dozier
GA Bar No. 228898
Dustin W. Hamilton
GA Bar No. 825725
Attorneys for Plaintiff

THE DOZIER LAW FIRM, LLC
327 Third Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441

4

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

RECEIVED FOR FILING
STATE COURT OF
BIBB COUNTY GEORGIA

2017 AUG 15  PM 4: 40

PATTI M. GRAVES, CLERK

Patti M. Graves

CYNTHIA GIVENS,

Plaintiff,

Civil Action No. 87698

v.

WAL-MART STORES EAST, LP,
and JOHN DOES NOS. 1-10,

Defendants.

**COPY**

## 5.2 CERTIFICATE OF DISCOVERY

Pursuant to Uniform Rule 5.2(2), this is to certify that all parties to this action were served with copies of the *PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT,* and *PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT.*

Said service was made on the defendant by a deputy or other authorized agent of the Sheriff's Department of the County in which the defendant resides or by any other individual so authorized by the Georgia Civil Practice Act, and was served contemporaneously with a copy of the Complaint and Summons in a manner consistent with the requirements of O.C.G.A. § 9-11-4.

Respectfully submitted this_____ day of **August**, 2017.

THE DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202-0013
(478) 742-8441

DAVID DOZIER
GA Bar No. 228898
DUSTIN W. HAMILTON
GA Bar No. 825725
Attorneys for Plaintiff

RECEIVED FOR FILING
STATE COURT OF
BIBB COUNTY GEORGIA

2017 SEP -5 AM 11: 33

PATTI M. GRAVES, CLERK

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

CYNTHIA GIVENS,

   Plaintiff,

v.

WAL-MART STORES EAST, LP
AND JOHN DOES NOS. 1-10,

   Defendants.

_____/

Civil Action File No.
87698

## ANSWER OF DEFENDANT WAL-MART STORES EAST, LP

COMES NOW, Defendant WAL-MART STORES EAST, LP and makes this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

Page -1-

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant admits the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendant denies the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant admits the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's

Complaint.

### 11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

### 12.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

### 13.

Defendant denies Plaintiff's prayer for relief.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

_____
Howard M. Lessinger
Georgia Bar No. 447088

_____
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WAL-MART STORES EAST, LP

Page -4-

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES EAST, LP has this day been served upon opposing counsel, by placing same in the United States Mail, postage prepaid, and addressed as follows:

David Dozier
Dustin W. Hamilton
Dozier Law Firm, LLC
327 Third Street
PO Box 13
Macon, GA 31202-0013

This the 29th day of August, 2017.

McLAIN & MERRITT, P.C.

_____
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -6-